The next case we will call for is People v. Matlock. Counsel? May it please the court. This case, People v. Michael Matlock. Mr. Matlock was convicted of the offense of possession of methamphetamine manufacturing material. In our brief, we raise three issues. The first is whether its evidence was insufficient to convict him beyond reasonable doubt. The second we deal with the problem with jury instruction, the issue instruction for possession of methamphetamine manufacturing material. And the third one is a sentencing issue, which the state essentially concedes. I'd like to deal with the second issue, basically, before this court, the issue instruction on the possession of methamphetamine manufacturing material and why it was wrong. And I will touch upon the reasonable doubt, the insufficiency of the evidence argument while discussing it because I think they kind of mesh together pretty well. Section 30 of the Methamphetamine Control and Community Protection Act is the specific statute under which he was convicted. It provides that it is unlawful to knowingly engage in possession, procurement, transportation, storage, or delivery of any methamphetamine manufacturing material. And the key language that I want this court to focus upon is with the intent that it be used to manufacture methamphetamine. This is the use of the future tense. Clearly, it's looking towards what is his intent in the future while possessing this material. And the material that we're talking about was very simple things. It was coffee filters, which had methamphetamine residue on it, and a coffee grinder, which the police believe had a precursor of sulfetadrine on it ground up. And these are the only things that he was convicted of possessing with an intent. Section 10 of the Act clearly shows that this is a future intent because in Section 10, they use being used, has been used, or is intended to be used in talking about methamphetamine manufacturing material. The state appears to accept the argument that this is a future intent and that to convict someone of this offense, you have to show that while they're possessing that material, they are intending to use it in the future. You look at their argument in their brief on pages 2 to 9, and it all goes towards accepting that as the elements of the offense. In other words, if they were in a garbage can, they would not be intending to use them in the future. They intend to throw them away. That would be a problem, yes. And that would be a matter of deciding by the jury, I would say, as to whether it's being used or going to be. But throwing it into the garbage and that it's outside on a curb ready to be picked up, that pretty much clearly shows that they have no future intent to use it. Now, this was a jury case? This was a jury case. Okay. And the jury was instructed with a non-IPI instruction. The reason why is that there was no IPI instruction to be given. The state drew up a non-IPI instruction, People's Instruction 19. And that provided in the second provision, the second proposition, quote, that the methamphetamine manufacturing materials were used or intended to be used to manufacture methamphetamine. To me, this means that the state expanded the elements of the offense beyond what the offense is defined as. And it allowed the jury to convict Mr. Maglott of an offense that is not defined by that statute. It may be an offense somewhere else in the Methamphetamine Act, but it's not the offense found in Section 30 of the Act, which he was convicted of. Was there any objection to that instruction by the counsel? No objection. There was no objection to the instruction. We are raising the issue as plain error before this court. We also argue in the brief that it would be ineffective assistance counsel not to have objected to this. And basically, the state makes the same argument to that as plain error. If it's plain error, then it was ineffective assistance counsel. If it's ineffective assistance counsel, then it's plain error. But it would always have to be plain error or ineffective assistance counsel to fail to object to an instruction which expands the elements of the offense. Allowing your client to be convicted of an offense that does not exist is simply to deny the defendant's due process of the law. There will be many cases that you'll find in which the language that a conviction for an offense that does not exist violates a defendant's constitutional right to due process. And I believe that's what we have here. And I look at the reasonable doubt argument, and it flows from the same kind of problem that we have with the jury instruction. What evidence do we have that these materials were possessed with the intent to use them in the future to manufacture methamphetamine? And there's very little. What about taking this entire factual scenario that was presented to the jury? Could the jury infer because of the location of these materials, the fact that on their face these materials were not abandoned, could the jury reasonably infer that they had been used and were intended to be used? That they were used for the coffee filters becomes obvious because there's methamphetamine residue. No, but we're focusing on looking at the area under the defendant's control and everything. Could a jury reasonably find that this was a continuous course of use and therefore would be intended to be used? Well, that's one inference. It's not the really great, strong inference. For example, with coffee filters themselves, it's very likely that they were going to be used just by chewing them up and swallowing them. In the brief, I cite to several cases which demonstrate that that is a normal practice, and people sell these coffee filters as the methamphetamine itself as something to be used as the sale of drugs. In this case, there was a police officer who testified that sometimes you might use it as to have another solvent put into it to get more methamphetamine out, but the likelihood that they're just going to chew them up and use it as methamphetamine is much more likely. Therefore, the intent to use it in the future is really very tenuous. The coffee grinder had ground-up particles of the precursor drug, sufetadrine, and that is some evidence that you might use it in the future, but they never showed that this coffee grinder itself was operational. It's evidence that it was used in the past to grind up the sufetadrine pills, but there is no real evidence that it's going to be used in the future. And so you look at this in terms of the reasonable doubt argument and the error in the jury instruction, and you start to see where the jury instruction really could have confused the jury and caused them to convict of an offense that does not exist. Was it also charged with possession of meth? It was also charged with possession of meth. It was found guilty on both that and the mission? Yes. And what was the sentence on the possession? The possession was eight years. And what was the other one? Fifteen, possession of meth. The possession with intent to manufacture in the future is a higher class felony. He got 15 years for it. The eight-year sentence is an extended term sentence, and it is improper if the 15-year sentence is in effect, and the State agrees it has to be reduced. But, yes, those two offenses are there. Sir? Consequently, we urge Your Honors to reverse it. Thank you. Thank you, Counsel. Counsel? Thank you. May it please the Court, Counsel? My name is David Sanchez. I'm here on behalf of the people. As the defense has noted, this is a plain error issue. The defendant didn't object to the instruction at trial. He didn't raise a post-trial objection. And this Court has held that where a defendant acquiesces to instructions, he can't complain of error. So I just want to start there and then get to the threshold question as to whether it was error to issue this instruction in the first place. And the State's position is that it was not error. The offense does not require proof of future intent, only intent to manufacture methamphetamine while in possession of meth manufacturing materials. And that's what the instructions laid out. And if I could use an example, if we look at a residential burglary statute, if the instructions on that were first, the State had to prove that the defendant entered a dwelling of another without authority, and second, that the defendant committed the theft or intended to commit the theft, that would be proper because having committed the theft is proof that he intended to do so. And similarly here, the defendant, when he manufactures methamphetamine with those materials, that is proof of his intent. There's proof that he did the act is proof that he intended to do the act. So the State's position is that under that statute, there's no need to prove future intent. The State doesn't need to have evidence that the defendant said he was going to manufacture methamphetamine or get in a time machine and bring back evidence of that. So there's no need to prove future intent where a finding that the unlawful act occurred, that proves intent in and of itself. Now, even if the jury instruction was error, the defendant still has the burden of satisfying the two prongs of the plain error analysis. Under the first prong, he has to show that the evidence is so closely balanced that the error alone is enough to tip the scales of justice against him, and he has not shown that. The evidence proving that he intended to manufacture the methamphetamine was overwhelming. For instance, pseudofedrin residue was found inside the coffee grinder, and Detective Ebert testified that coffee grinders are used to grind up pseudofedrin in the manufacture of methamphetamine. Pseudofedrin is one of the main components of methamphetamine. There was methamphetamine residue on the coffee filters. Detective Stevens testified that coffee filters are used during the cook process. He also testified that coffee filters can be used more than once in that process. There was a witness, Nick McCarty. He testified that he obtained methamphetamine from the defendant in September and November of 2009. He would bring the defendant pseudofedrin, and the defendant, in exchange, would give him cash for methamphetamine. Also, there was drug paraphernalia found in the defendant's apartment. There was a working digital scale with methamphetamine residue. The defendant said the things he said in a recorded statement, which was played for the jury, that the items in his apartment were his. And his girlfriend, Melissa Manley, also testified. And she said that during that same time period, suspicious people would come to the house or to the apartment looking for the defendant. Now, there was testimony that the coffee filters could be used in the cook to make methamphetamine. There was no testimony. There was nothing in the record to show that the defendant was using these coffee filters to sell them for their own methamphetamine in the future. So that claim by the defendant is not supported by the record. And while there are cases in which that is the case, there are also cases which suggest that these coffee filters can be used in the cook of methamphetamine. So a jury could look at the evidence and conclude these coffee filters were used in the cook process. Was there evidence in the record that coffee filters could be reused? Yes, there was testimony by Detective Stevens. He said they could be reused in the cook process. And this defendant has not met the second prong of the plain error analysis, in which he has to show that the error was of such magnitude that he was denied a fair trial. The Supreme Court, People v. Jones, noted that a jury instruction error is harmless if another jury instruction correctly states the law. And in this case, there was a definition instruction which properly stated the law, which the defendant does not claim was improper. And so this jury instruction minimized the magnitude of the error. Moreover, in the State's closing argument, the prosecutor never argued the intent that the defendant claims was an erroneous form of intent. The State's attorney said, those things, meaning the coffee filters and the coffee grinder, are not methamphetamine manufactured material unless you have the intent to use those to manufacture methamphetamine. And I think that the defendant would agree that that is a proper formulation of the intent that the State was required to show. So the jury had the proper argument before it, and it could look at the evidence and conclude that the defendant was in possession of methamphetamine manufacturing materials pursuant to that statute. So in conclusion, with respect to the plain error argument, the defendant simply has not met his burden of persuasion. Now, as to the sufficiency of the evidence argument, I think the defendant's right. It ties into the jury instruction argument. For the same reasons that the evidence was overwhelming to prove that he had the proper intent under the first prong of plain error, the evidence was sufficient to show that same intent under a sufficiency of the evidence argument, especially when it's viewed in the light that's favorable to the State, and when the court has said in People v. Land that intent may be proved through circumstantial evidence. If there are any questions from the court, I'd be happy to entertain them. I don't believe so. Okay. People respectfully request that this court affirm the defendant's conviction and his sentence. Thank you. Thank you, Counsel. Counsel? The evidence in this case is not overwhelming. It's underwhelming in one way. It is entirely dependent upon the testimony of Nick McCarty. Nick McCarty is a really unfirmed foundation for any conviction. He did testify. He gave pseudofetidurine pills to Mr. McCarty, and he believed that Mr. McCarty then manufactured the methamphetamine. It's Nick McCarty and his testimony alone that has any kind of production coming out of my client, Mr. McCarty. How was he paid for those pills? I'm sorry, what? What did he use to pay for the pills? Was it cash or did he give him meth back? Mr. McCarty did testify that he got methamphetamine back, but that all relies upon believing McCarty, and he was in jail at the time. He had a probation revocation handing over him at the time. He had prior convictions for forgery, for retail theft, for obstructing justice, and for possession of a controlled substance. Now, admittedly, the state has to deal with people like McCarty, but the jury certainly does not have to believe Nick McCarty. And they could disbelieve this testimony in a lot of respects. And again, you have to look at it. Think about the reasonable doubt argument. Think about the jury instruction problem. In the jury instruction, they're told improperly that he has to intend to use it or the other one has been used in the past. And so these things, you would have to note that they had been used in the past, maybe, especially the coffee pills. But the only person who ever really identifies Mr. Matlock as producing, manufacturing methamphetamine is Nick McCarty. Now, counsel for the state said that there was a definition instruction of? Yes. The definition instruction for manufacturing materials did have the correct. That was taken out of the statute. That is the language being used has been used or is not or is intended to be used. And so the definition instruction, I'm sorry, the definition of the instruction had the proper intent in it. But that is conflicting with the issues instruction. And in looking at the conflict, you have to see that there is going to be question in the jurors mind. And the Illinois Supreme Court has said when there are conflicts between instructions, it's not up to the jury to resolve those conflicts. It's not their job. The job of the judge, the circuit court, is to properly instruct the jury on the elements of the offense. And so in People v. Bush, on page five of our reply brief, we cite to a case that is pretty standard law in which conflicts in the jury instruction just demonstrate that there is some error that has occurred. And the state wants to say that the jury magically and miraculously came up with the correct rule of law while disregarding this jury instruction that they're given. All that occurred in this case is the jury instructions conflicted and the issues instruction still allows the jury to convict based upon a past use, a past intent. Some kind of other intent than what is defined by Section 30 of the Act. Consequently, we would argue to your honors that you should reverse and remand for a new trial if you do not reverse outright on the basis of insufficiency of the evidence. If there are no other questions, thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel, and we will take the case under advisement.